UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

UNITED STATES OF AMERICA,　　　　 )
　　　　　　　　　　　　　　　　　　　　 )
　　　　　Plaintiff,　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　 )　　　　　No. 6:10-CR-38-GFVT
v.　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　 )　　　　RECOMMENDED DISPOSITION
MELISSA M. POWERS,　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　 )
　　　　　Defendant.　　　　　　　　　 )

*** *** *** ***

The Court, on referral (D.E. 30), considers reported violations of supervised release conditions by Defendant Melissa Powers.　District Judge Van Tatenhove entered judgment against Defendant on March 7, 2011, after she pled guilty to two counts of unlawfully embezzling mail matter in violation of 18 U.S.C. § 1709.　(D.E. 23).　Defendant was sentenced to thirty days imprisonment on each count, to be served concurrently, and two years supervised release.　Defendant began serving the term of supervised release on April 27, 2011, and her term of supervised release was therefore scheduled to expire on April 26, 2013.

On July 5, 2011, the United States Probation Office (USPO) issued a Supervised Release Violation Report, and Judge Van Tatenhove ordered that a summons be issued.　(D.E. 25).　The Report charges Defendant with violating two conditions of supervised release.　The first is a violation of standard condition No. 7, which states that Defendant "shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."　The Report indicates that Defendant tested positive for buprenorphine (Suboxone) via an instant testing device, and the positive result was confirmed by laboratory analysis.

Defendant later admitted to using a fraction of a tablet. This is a grade C violation. The second charge is a violation of the condition of supervised release that forbids the commission of "another federal, state, or local crime." Products containing buprenorphine, such as Suboxone, are Schedule III controlled substances. Thus, Defendant possessed buprenorphine in violation of 21 U.S.C. § 844(a), an offense punishable by a term of imprisonment not to exceed one year. This is a grade C violation.

On July 22, 2011, the Court conducted an initial appearance pursuant to Rule 32.1. As Defendant appeared pursuant to a summons the Court did not conduct a preliminary hearing. (*See* D.E. 29). The United States moved for interim detention pending the final revocation hearing, but the Court denied the request for the reasons stated on the record, and Defendant was released under the prior conditions of release. (*See id.*).

On July 29, 2011, the United States Probation Office submitted an Addendum to its Report, charging Defendant with two additional supervised release violations. Violation number three charges Defendant with again violating standard condition No. 7. Specifically, the Addendum charges that after the initial appearance on July 22, 201, Defendant submitted a urine specimen that appeared to test positive for oxycodone via instant testing device, and Defendant later admitted to ingesting oxycodone on July 21. This is a Grade C violation. Violation number four charges Defendant with committing another federal, state, or local crime. Oxycodone is a Schedule II controlled substance, and Defendant's possession of oxycodone violated KRS § 1415(1), First Degree Possession of a Controlled Substance, a Class D felony. This is a Grade B violation. Thus, Defendant was ultimately charged with four violations of supervised release.

On August 1, 2011, the Court conducted a hearing with Defendant as to these violations. Although the August 1 hearing was initially scheduled to be a final revocation hearing on

charged violations one and two, the Court conducted an initial appearance on violations three and four pursuant to Rule 32.1. (*See* D.E. 33). Defendant elected to proceed to a final revocation hearing on all four violations. Thus, the August 1 hearing served as a final revocation hearing as to all four violations. At the hearing, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. Defendant competently entered a knowing, voluntary, and intelligent stipulation to the charged violations. The United States thus established all four of the charged violations under the standard of § 3583(e). As to punishment, the United States recommended a four-month term of imprisonment, to be followed by a twenty-four month term of supervised release. Defendant argued in favor of home detention.

Congress does *mandate* revocation in a case of this nature. By statute, the Court must revoke Defendant's supervised release because Defendant possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1); *see also United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000). (equating use with possession). The Sixth Circuit clearly and repeatedly has equated drug use with drug possession, and Defendant's admitted use in this context undoubtedly results in application of § 3583(g)(1). *See United States v. Metcalf*, 292 F. App'x 447, 450 n.2 (6th Cir. 2008) ("Mandatory revocation was . . . warranted under § 3583(g)(1), as we have held that use of a controlled substance constitutes possession under that subsection."). The only exception would be if a suitable treatment option, or Defendant's record of involvement in treatment, warranted relief. *See* 18 U.S.C. § 3583(d); *Crace*, 207 F.3d at 835 (holding district court "required by 18 U.S.C. § 3583(g) to revoke the defendant's term of supervised release upon the defendant's positive drug test and admission of the use of a controlled substance unless defendant could come under the exception in 18 U.S.C. § 3583(d)"). Defendant did not rely upon this exception.

Under § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant was convicted of two Class D felonies. *See* 18 U.S.C. § 1709. For Class D felonies, the maximum revocation sentence provided under § 3583(e)(3) is imprisonment for two years. The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violations proven. *See United States v. Perez-Arellano*, 212 F. App'x. 436, 438-39 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted). Under § 7B1.1, Defendant's stipulated violations include one Grade B violation. Given Defendant's criminal history category of I (the category at the time of the underlying conviction in this District) and the commission of a Grade B violation, Defendant's guideline range of post-revocation imprisonment, under the Revocation Table of Chapter 7, is three to nine months.

If the minimum term of imprisonment under the guidelines is at least one month but not more than six months, § 7B1.3(c)(1) provides alternative sentencing options to imprisonment. The minimum guideline term of imprisonment in this case is six months, and therefore "the minimum term may be satisfied by . . . a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term." U.S.S.G. § 7B1.3(c)(1). Under the schedule in § 5C1.1(e)(3), substitution of one day of home detention for one day of imprisonment is authorized.

4

A court also may reimpose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). The general supervision-term limits of § 3583(b) apply "[e]xcept as otherwise provided." 18 U.S.C. § 3583(b). Defendant's conviction for embezzling mail matter in violation of 18 U.S.C. § 1709 constituted a Class D felony. That subsection sets forth a maximum term of supervised release of three years. *See id.*

The Court has considered all of the § 3553 factors imported into the § 3583(e) analysis, and finds that a revocation term of imprisonment of four months, followed by a two-year term of supervised release, is appropriate. In particular, the Court carefully weighed the nature and circumstances of the offense and Defendant's particular history and characteristics, and considered the need for the sentence imposed to afford adequate deterrence to criminal conduct. The Guidelines suggest that the ***primary*** wrong in the supervised release context is violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). Defendant has certainly breached the Court's trust in this case. The Court is required to impose a sentence that is sufficient, but not greater than necessary, to address this breach of trust and the other statutory goals imported into § 3583(e).

As noted above, the Court is concerned with the breach of trust that has occurred. Perhaps most troubling of all is that, according to the Addendum and Defendant's stipulation

thereto, Defendant ingested oxycodone the night before she appeared in Court on July 22, 2011. Given that she was almost sure to be drug tested, the Court believes this transgression is emblematic of her poor decision-making, inability to resist the temptation of controlled substances, and lack of respect for the law and the Court's Orders. The Court therefore believes that a significant period of imprisonment is needed to deter such conduct and to protect the public in the future. Defendant's proposal of home detention fails to acknowledge the seriousness of her supervised release violations, and the ineffectiveness of her prior efforts to manage her drug addiction.

As stated on the record, the Court empathizes with Defendant. She genuinely appears to have only recently realized the extent of her drug addiction. Nevertheless, imprisonment for four months is warranted to impress upon Defendant the need to cease using controlled substances without a prescription, to take seriously the Court's Orders forbidding such conduct, and to finally tackle her substance abuse problems head-on. The Court encourages Defendant to take advantage of all available resources during imprisonment and while serving the recommended term of supervised release. The Court believes that the four-month term of imprisonment, and the two-year term of supervised release, are sufficient, but no greater than necessary, to meet the purposes of § 3553(a) incorporated into this proceeding.

Accordingly, the Court **RECOMMENDS**, based on the violations found:

1.      Revocation and imprisonment for a term of four months.

2.      An additional term of supervised release of two years, with the conditions of supervised release to be the same as those originally imposed in District Judge Van Tatenhove's judgment filed March 7, 2011. (*See* D.E. 23).

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 8th day of August, 2011.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge